# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DONOVAN WALKER-HALL,<br><br>                           Plaintiff,<br>v.<br><br>DR. SALEM SYED, EMILY STADTMUELLER, ANN YORK, RN GELA, JOHN DOE, JANE DOE, and DR. JOHN DOE,<br><br>                           Defendants. | Case No. 17-CV-1032-JPS<br><br>**ORDER** |

       Plaintiff Donovan Walker-Hall, a prisoner representing himself, filed a complaint in the above-captioned action along with a request to proceed *in forma pauperis*. (Docket #1 and #5). The Court assessed an initial partial filing fee ("IPFF") of $15.51, and Plaintiff asked the Court to allow him to pay the IPFF from funds in his release account. (Docket #9). The Court granted that motion, noting that courts typically are reluctant to allow prisoners to tap into their release accounts for litigation expenses, but that it would allow Plaintiff to use his release account funds for the limited purpose of paying the IPFF. (Docket #10). Plaintiff has now asked the Court to allow him to pay the balance of the full filing fee from his release account. (Docket #16). That motion must be denied.

       Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner plaintiff who is granted leave to proceed without prepayment of the filing fee, as Plaintiff was in this case, *see* (Docket #12), is required to pay the statutory filing fee of $350.00 for any civil action. See 28 U.S.C. § 1915(b)(1).

After the IPFF is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the $350.00 filing fee is paid in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.*

Plaintiff cannot use his release account funds to pay the balance remaining on the filing fee. "A release account is a restricted account maintained by the Wisconsin Department of Corrections to be used upon the prisoner's release from custody upon completion of his sentence." *Wilson v. Anderson*, Case No. 14-C-798, 2014 WL 3671878 at *3 (E.D. Wis. July 23, 2014) (citing Wis. Adm. Code § DOC 309.466). Given the purpose of the release account, federal courts do not deem it prudent to focus on that account as the source of funds to satisfy the filing fee payment requirements. *Smith v. Huibregtse*, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001). As the Seventh Circuit has instructed, "like any other civil litigant, [a prisoner] must decide which of [his] legal actions is important enough to fund," *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); thus, if a prisoner concludes that "the limitations on his funds prevent him from prosecuting [a] case with the full vigor he wishes to prosecute it, he is free to choose to dismiss it voluntarily and bring it at a later date." *Williams v. Berge*, No. 02-CV-10, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002). He is not free, however, to tap into his release account to cover those legal costs. In light of the foregoing, the Court will deny Plaintiff's motion to use release account funds to pay the balance of the filing fee.

As is required under the PLRA, the institution where Plaintiff is incarcerated will forward payments from his trust account to the Clerk of

the Court each time the amount in the account exceeds $10 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to pay the full filling fee with funds in his release account (Docket #16) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 16th day of November, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge