# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DONOVAN WALKER-HALL,

                Plaintiff,

v.

DR. SALEM SYED, EMILY STADTMUELLER, ANN YORK, RN GELA, JOHN DOE, JANE DOE, and DR. JOHN DOE,

                Defendants.

Case No. 17-CV-1032-JPS

**ORDER**

## 1. INTRODUCTION

Plaintiff Donovan Walker-Hall ("Walker-Hall"), a prisoner who is representing himself, brought this action alleging that the defendants were deliberately indifferent to his serious medical condition, in violation of the Eighth Amendment. Specifically, Walker-Hall alleges that beginning in August 2016, while he was incarcerated at Waupun Correctional Institution ("WCI"), defendants Dr. Salem Syed ("Dr. Syed") and Emily Stadtmueller ("Stadtmueller") withheld his pain medication as a way to coerce him to take medication for his sickle cell anemia, despite Walker-Hall's stated concerns about the stroke risk associated with that medication. Walker-Hall also alleges that defendant Ann York ("York"), RN Gela ("Gela"), and Jane Doe failed to address his complaints of pain after he informed them that the treatment they were offering him was ineffective. Finally, Walker-Hall

alleges that Dr. John Doe failed to treat his pain when Walker-Hall was hospitalized at Waupun Memorial Hospital.[1]

On March 9, 2018, the defendants filed a motion for partial summary judgment as to Walker-Hall's claims against Stadtmueller and York on the ground that Walker-Hall did not properly exhaust his administrative remedies as to those claims. (Docket #20). That motion is now fully briefed. (Docket #20-#23 and #25-31). For the reasons explained below, it will be granted.[2]

---

[1] Walker-Hall has not identified the Doe defendants, despite the Court's instruction to him in the Trial Scheduling Order that he use discovery tools to learn their identities and amend his pleading with their names within 45 days, meaning by December 31, 2017. (Docket #18 at 3). The Court warned that failure to identify the Does by that date would result in dismissal of those defendants without further notice. *Id.* The time for Walker-Hall to identify the Does has long since passed. Therefore, the Doe defendants will be dismissed.

Additionally, the Wisconsin Department of Justice ("DOJ") filed a notice at the outset of this case that they could not accept service for the defendant identified in Walker-Hall's Complaint as "RN Gela" because they were unable to identify her based on the allegations of the Complaint. (Docket #14). The Court instructed Walker-Hall to use discovery tools to learn the identity of RN Gela and ordered that Walker-Hall file a pleading on or before January 2, 2018 supplying information sufficient for the DOJ to determine if it could accept service on her behalf. (Docket #18 at 1-2). Walker-Hall has not done so. The defendants indicate that they still cannot identify the person referred to as RN Gela. (Docket #21 at 1). The defendant referred to as RN Gela will likewise be dismissed.

[2] The defendants' summary judgment submissions include a reply to Walker-Hall's response to their proposed findings of fact, as well as two additional declarations. (Docket #29-31). Walker-Hall has filed a motion to strike the defendants' reply and their "new evidence" as hearsay. (Docket #32). Walker-Hall also asked for discovery sanctions. *Id.* The Court will deny Walker-Hall's motion. The evidence to which Walker-Hall objects is not hearsay, and, in any event, it is not necessary to the Court's decision on the pending motion.

## 2. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides the mechanism for seeking summary judgment. Rule 56 states that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A "genuine" dispute of material fact is created when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court construes all facts and reasonable inferences in a light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

## 3. BACKGROUND

The Court begins here with a primer on the law related to the requirement that a prisoner exhaust available administrative remedies before filing suit in federal court. This will place in proper context the facts relevant to the pending motion.

The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available[.]" 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require," and he must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). A suit must be dismissed if it was filed before exhaustion was complete, even if exhaustion is achieved before judgment is entered. *Perez v. Wis. Dep't of Corr.*, 182 F.3d

532, 535 (7th Cir. 1999). Several important policy goals animate the exhaustion requirement, including restricting frivolous claims, giving prison officials the opportunity to address situations internally, giving the parties the opportunity to develop the factual record, and reducing the scope of litigation. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). Failure to exhaust administrative remedies is an affirmative defense to be proven by Defendants. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).

The Wisconsin Department of Corrections maintains an Inmate Complaint Review System ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code § DOC 310.04.[3] There are two steps an inmate must take to exhaust their administrative remedies under the ICRS.

First, the inmate must file an offender complaint with the Institution Complaint Examiner ("ICE") within fourteen days of the events giving rise to the complaint. *Id.* §§ DOC 310.07(1), 310.09(6). The ICE may reject a complaint or, before accepting it, can direct the inmate to "attempt to resolve the issue." *See id.* §§ DOC 310.08, 310.09(4), 310.11(5). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority. *Id.* § DOC 310.11(6).[4] If the complaint is not rejected, the ICE issues a recommendation for disposing of the complaint, either dismissal or affirmance, to the reviewing authority. *Id.* §§ DOC 310.07(2),

---

[3]Wisconsin Administrative Code Chapter DOC 310 as it existed at the time of the events relevant to this case has been repealed. A new Chapter DOC 310 took effect April 1, 2018. *See* Wisconsin Administrative Register, March 26, 2018 No. 747, available at http://docs.legis.wisconsin.gov/code/register/2018/747B/register. Citations in this Order are to the version of Chapter DOC 310 as it existed at the relevant time.

[4]The ICRS defines a "reviewing authority" as "the warden, bureau director, administrator or designee who is authorized to review and decide an inmate complaint." Wis. Admin. Code § DOC 310.03(2).

310.11. The reviewing authority may accept or reject the ICE's recommendation. *Id.* § DOC 310.07(3).

Second, if the ICE recommends dismissal and the reviewing authority accepts it, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE"). *Id.* §§ DOC 310.07(6), 310.13. The CCE issues a recommendation to the Secretary of the Department of Corrections who may accept or reject it. *Id.* §§ DOC 310.07(7), 310.13, 310.14. Upon receiving the Secretary's decision, or after forty-five days from the date the Secretary received the recommendation, the inmate's administrative remedies are exhausted. *Id.* §§ DOC 310.07(7), 310.14.

4. **RELEVANT FACTS**

At all times relevant, Walker-Hall was an inmate at housed at WCI. Stadtmueller and York were nurses at WCI. Stadtmueller informed Walker-Hall by memorandum dated August 24, 2016 that he would not be given narcotic pain medication if he refused to take medication for his sickle cell anemia. (Docket #22-2 at 10). Walker-Hall alleges that York then refused to give him pain medication at an appointment on June 5, 2017, though the parties have not submitted evidence of this fact.

Walker-Hall's inmate complaint history reveals that he filed many inmate grievances during his time at WCI, including four medical-related grievances during the timeframe relevant to this case. (Docket #22-1). In the first and second grievances, received on March 10 and 13, 2017 by the ICE at WCI, Walker-Hall complained that the Health Services Unit ("HSU") staff at WCI discontinued his pain medication because he was not taking medication for sickle cell anemia. (Docket #22-2 at 8-12 and #22-3). The grievances include copies of Stadtmueller's August 2016 memorandum as well as a February 23, 2017 memorandum from Nancy White ("White"), the

HSU assistant manager, reiterating that if Walker-Hall refused to take his sickle cell anemia medication he would not be given pain medication. (Docket #22-2 at 10, 12 and #22-3 at 10). The ICE rejected the March 2017 grievances as untimely based on the number of days that has passed since the February 23 memorandum and because the discontinuation of Walker-Hall's pain medication actually occurred before White sent the February 23 memorandum. (Docket #22-2 at 2 and #22-3 at 2). Walker-Hall appealed the rejected grievances to the appropriate reviewing authority, who determined that the grievances were properly rejected. (Docket #22-2 at 5-6 and #22-3 at 5-6).

In Walker-Hall's third grievance, received by the ICE on April 26, 2017, he again complained about his pain medication being discontinued. (Docket #22-4 at 11-15). The grievance is directed at the decision by Walker-Hall's treating physician, defendant Dr. Syed, to discontinue the pain medication. *Id.* It does not mention Stadtmueller or York. *Id.* On April 27, the ICE recommended dismissal of the grievance after speaking with the HSU manager and determining that Walker-Hall's medical needs had been adequately addressed. *Id.* at 2-3. The reviewing authority agreed with the ICE and dismissed the grievance on May 6, 2017. *Id.* at 4. Walker-Hall appealed that decision to the CCE, who determined that the institution's decision was appropriate and recommended that the grievance be dismissed. The Office of the Secretary dismissed the grievance on June 2, 2017. *Id.* at 7.

Finally, the ICE received Walker-Hall's fourth medical-related grievance on June 5, 2017, in which he complained that prison staff did not send him to the hospital during a sickle cell crisis on March 18, 2017. (Docket #22-5 at 8-9). The June 5 grievance was rejected as untimely, *id.* at

2, and Walker-Hall's appeal resulted in a determination that the rejection was appropriate, *id* at 5.

5. **ANALYSIS**

Walker-Hall filed many inmate grievances during his time at WCI, but none that timely reported the allegedly unconstitutional conduct of Stadtmueller and York about which he now complains.

First, only two of Walker-Hall's medical-related grievances, those received on March 10 and 13, 2017, reference Stadtmueller in any way. At least as to Stadtmueller, those grievances were properly rejected as untimely. *See* Wis. Admin. Code DOC § 310.07(2) (an inmate must file a complaint with the ICE within fourteen days of the events giving rise to the complaint). Specifically, Walker-Hall complains in the March 2017 grievances about being denied pain medication by HSU staff and refers to the memorandum sent by Stadtmueller in August 2016 explaining that Walker-Hall would be denied pain medication if he refused to take his sickle cell anemia medication. Therefore, Walker-Hall's March 10 and 13 grievances were filed seven months after Stadtmueller's allegedly unconstitutional conduct. Because Walker-Hall did not file these grievances at the time the prison's administrative rules require, and precisely in accordance with those rules, he did not exhaust his claim against Stadtmueller. *See Pozo*, 286 F.3d at 1025.

Next, none of Walker-Hall's four medical-related grievances reference York in any way. His Complaint includes an allegation that York refused to give him pain medication at an appointment on June 5, 2017, but none of his grievances reference an appointment that took place on June 5. He, therefore, did not begin, let alone exhaust, the administrative grievance process with respect to his claim against York.

Finally, Walker-Hall asks that the Court excuse, for "good cause," his tardiness in filing his June 2017 grievance, which related to an incident in March 2017 when prison staff refused to send him to the hospital during a sickle cell crisis. He argues that he was hospitalized for a period of time between the March incident and his June grievance, without access to the offender complaint system, and therefore he had good cause to submit his grievance beyond the 14-day deadline. However, the Court need not decide whether Walker-Hall's June 2017 grievance should be deemed timely because, in any event, it does not relate to Walker-Hall's claims against Stadtmueller and York as alleged in this case.

The PLRA requires complete or "proper" exhaustion, *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), and Walker-Hall has not done so for his Eighth Amendment claims against Stadtmueller and York. Those claims will be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust under § 1997e(a) is always without prejudice).

6. **CONCLUSION**

For the reasons explained herein, the Court will grant the defendants' motion for partial summary judgment as to Walker-Hall's claims under the Eighth Amendment against Stadtmueller and York. Those defendants will be dismissed.

The only remaining claim is Walker-Hall's claim against Dr. Syed.[5] The defendants have indicated that they intend to file a subsequent motion for summary judgment on the merits of that claim. *See* (Docket #24). The

---

[5] The defendants concede that Walker-Hall's grievance received on April 26, 2017, which relates to Walker-Hall's claim against Dr. Syed, was properly exhausted. (Docket #21 at 7-8).

defendants requested that the Court stay the deadline for the filing of dispositive motions, currently set for May 1, 2018, until after the Court's resolution of the pending motion for partial summary judgment. *Id*. The Court will grant the defendants' motion and extend the dispositive motion deadline to three weeks from the entry of this Order. No further extensions will be considered.

Accordingly,

**IT IS ORDERED** that the defendants' motion for partial summary judgment as to Walker-Hall's Eighth Amendment claims against Emily Stadtmueller and Ann York (Docket #20) be and the same is hereby **GRANTED;**

**IT IS FURTHER ORDERED** that Walker-Hall's claims against Emily Stadtmueller and Ann York (Docket #1 at 4), be and the same are hereby **DISMISSED without prejudice;**

**IT IS FURTHER ORDERED** that defendants Emily Stadtmueller and Ann York be and the same are hereby **DISMISSED from this action;**

**IT IS FURTHER ORDERED** that the John and Jane Doe defendants and defendant RN Gela be and the same are hereby **DISMISSED from this action**;

**IT IS FURTHER ORDERED** that Walker-Hall's motion to strike the defendants' reply and for sanctions (Docket #32) be and the same is hereby **DENIED;** and

**IT IS FURTHER ORDERED** that the defendants' motion to extend the dispositive motion deadline (Docket #24) be and the same is hereby **GRANTED.** Either remaining party may file a dispositive motion on or before three weeks from the entry of this Order.

Dated at Milwaukee, Wisconsin, this 26th day of April, 2018.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge