# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DONOVAN WALKER-HALL,

                Plaintiff,

v.

DR. SALEM SYED,

                Defendant.

Case No. 17-CV-1032-JPS

**ORDER**

**1.**     **INTRODUCTION**

On October 17, 2017, Magistrate Judge David E. Jones screened Plaintiff's complaint. (Docket #12). Plaintiff alleged that various members of the medical staff at Waupun Correctional Institution ("Waupun") and some private medical personnel provided constitutionally deficient medical care with respect to his sickle cell condition. *Id.* at 3–5. Plaintiff was allowed to proceed against a few of those defendants on a claim that they were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. *Id.* at 6–7.

On March 9, 2018, some of the defendants moved for summary judgment on the ground that Plaintiff had failed to exhaust his administrative remedies on his claim against them, which is a necessary precondition to suit. (Docket #20). The Court granted the motion on April 26, 2018. (Docket #34). Thus, only the current Defendant, Dr. Salem Syed, remained in the case.

Defendant filed his own motion for summary judgment on May 1, 2018. (Docket #35). Plaintiff's response to the motion was originally due on or before May 31, 2018. Civ. L. R. 7(b). On May 21, 2018, Plaintiff asked for

additional time to file his responsive materials. (Docket #42). The Court granted the request and extended the response deadline to June 15, 2018, but informed Plaintiff that no further extensions of time would be considered. (Docket #43). On June 11, 2018, Plaintiff sought another extension of the response due date. (Docket #45). The Court denied this second request. (Docket #47).

Ultimately, the Court is left without any opposition to Defendant's motion for summary judgment. The Court could summarily grant the motion for that reason. Civ. L. R. 7(d). However, as explained below, Defendant also presents a valid basis for dismissing Plaintiff's claim. For both of these reasons, Defendant's motion must be granted.

2. **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Boss v. Castro,* 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.,* 815 F.3d 356, 360 (7th Cir. 2016).

3. **BACKGROUND**

The relevant facts are undisputed because Plaintiff failed to dispute them. In the Court's scheduling order, entered November 16, 2017, Plaintiff was warned about the requirements for opposing a motion for summary

judgment. (Docket #18 at 3–4). Accompanying that order were copies of Federal Rule of Civil Procedure 56 and Civil Local Rule 56, both of which describe in detail the form and contents of a proper summary judgment submission. In Defendant's motion for summary judgment, he too warned Plaintiff about the requirements for his response as set forth in Federal and Local Rules 56. (Docket #35). He was provided with additional copies of those Rules along with Defendant's motion. *Id.* at 3–12. In connection with his motion, Defendant filed a supporting statement of material facts that complied with the applicable procedural rules. (Docket #37). It contained short, numbered paragraphs concisely stating those facts which Defendant proposed to be beyond dispute, with supporting citations to the attached evidentiary materials. *See id.*

In response, Plaintiff filed absolutely nothing—no brief in opposition, much less a response to the statement of facts. Despite being twice warned of the strictures of summary judgment procedure, Plaintiff ignored those rules by failing to properly dispute Defendant's proffered facts with citations to relevant, admissible evidence. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Though the Court is required to liberally construe a *pro se* plaintiff's filings, it cannot act as his lawyer, and it cannot delve through the record to find favorable evidence for him. Thus, the Court will deem Defendant's facts undisputed for purposes of deciding his motion for summary judgment. *See* Fed. R. Civ. P. 56(e); Civ. L. R. 56(b)(4); *Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006) (noting that district courts have discretion to enforce procedural rules against *pro se* litigants).

In the absence of any factual disputes, and in the interest of brevity, the Court will discuss the material facts as part of its analysis of Plaintiff's

claim, presented below. All factual discussion is drawn from Defendant's statement of proposed facts. (Docket #37).

4. **ANALYSIS**

As noted above, Plaintiff was allowed to proceed on a single claim against Defendant related to the medical care provided for his sickle cell condition. Prisoners are entitled to a minimal level of healthcare while in custody. *Petties v. Carter*, 836 F.3d 722, 727–28 (7th Cir. 2016). The Eighth Amendment is violated when the prisoner shows that they "suffered from an objectively serious medical condition," and that "the individual defendant was deliberately indifferent to that condition." *Id.* at 728. The *Gayton* case neatly summarizes the claim:

> [T]he plaintiff must show that: (1) [he] had an objectively serious medical condition; (2) the defendants knew of the condition and were deliberately indifferent to treating h[im]; and (3) this indifference caused h[im] some injury. An objectively serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention. A medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated.
>
> With regard to the deliberate indifference prong, the plaintiff must show that the official acted with the requisite culpable state of mind. This inquiry has two components. The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk. Evidence that the official acted negligently is insufficient to prove deliberate indifference. Rather, deliberate indifference is simply a synonym for intentional or reckless conduct, and that reckless describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred. Simply put, an official must both be aware of facts from which

> the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Even if a defendant recognizes the substantial risk, he is free from liability if he responded reasonably to the risk, even if the harm ultimately was not averted.

*Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010) (citations and quotations omitted). In sum, "deliberate indifference means actual, personal knowledge of a serious risk, coupled with the lack of any reasonable response to it." *Ayoubi v. Dart*, 724 F. App'x 470, 474 (7th Cir. 2018).

Plaintiff has chronic sickle cell disease, which is a red blood cell disorder that impacts the amount of oxygen carried in the blood. The disease can cause episodes of pain, called "crises," and sometimes requires hospitalization. Long-term treatment for sickle cell disease includes hydration and the medication Hydroxyurea. Hydroxyurea is used to reduce the number of crises by keeping the disease stable. During acute crises, patients are typically offered pain medication.

Plaintiff was approved for opioid painkillers, but only for use during acute crises. Requiring compliance with other medications and treatments can be a part of an appropriate opioid treatment plan. If a patient is to be prescribed potent medications like opioids, it is medically reasonable to require participation in other pain reduction/disease treatment modalities to ensure the best success. Plaintiff was informed that if he was non-compliant with his sickle cell medication, then his narcotics prescription may be discontinued.

Defendant first treated Plaintiff on September 29, 2016. Plaintiff's disease was stable so Defendant continued his plan of care, which included a medication regimen of Hydroxyurea, morphine, oxycodone, and folic acid. The next contact with Plaintiff was on December 9, 2016, though

Plaintiff had multiple appointments with other medical staff in the interim. On that day, Plaintiff suffered a sickle cell crisis. He complained of pain and generally feeling sick and was sent to the hospital. Defendant then saw Plaintiff on January 24, 2017 for pain complaints. Defendant determined that Plaintiff was dehydrated, but otherwise stable, so Plaintiff was given IV fluids then returned to his cell. Defendant also ordered some lab tests on Plaintiff's blood.

By March 2017, Plaintiff began regularly refusing his Hydroxyurea and his health care providers were notified of these refusals. Plaintiff's refusals exacerbated his sickle cell symptoms. As he had been warned, Plaintiff's noncompliance meant that his opioid prescriptions were discontinued by a Dr. Manlove on March 10, 2017. On April 13, 2017, Defendant told Plaintiff that his opioids would be replaced with naproxen, on the recommendation of a blood disorder specialist. Defendant also noted that Plaintiff appeared to be manipulating the system in an attempt to obtain narcotics because he would purposefully refuse the medication that had been proven to keep his disease under control, then would have a crisis that would require narcotic pain medications, hospitalization, or both.

Defendant's conduct falls far short of deliberate indifference to Plaintiff's medical needs. On the four occasions that Defendant saw Plaintiff, Defendant evaluated Plaintiff and ordered appropriate treatment. After Dr. Manlove discontinued Plaintiff's opioid painkillers, Defendant ordered naproxen as a replacement. Like Dr. Manlove, Defendant was concerned that Plaintiff was manipulating the system, and willfully forgoing treatment for his sickle cell condition, in order to satisfy his craving for narcotics. This is not indifference to, but indeed careful consideration of, Plaintiff's medical needs. Opioid abuse is a terrible

scourge in today's world, and allowing freewheeling access to such powerful narcotics without good reason would be just as damaging as letting the sickle cell disease go untreated. In other words, Defendant was not subjectively aware of a risk to Plaintiff's health in stopping the opioid prescription. Rather, he perceived a risk to Plaintiff's health if it was *not* stopped.

5.    **CONCLUSION**

On the undisputed facts presented, summary judgment is appropriate in Defendant's favor on Plaintiff's claim against him. The Court must, therefore, grant Defendant's motion and dismiss this action with prejudice.[1]

Accordingly,

**IT IS ORDERED** that Defendant Dr. Salem Syed's motion for summary judgment (Docket #35) be and the same is hereby **GRANTED**;

---

[1]Plaintiff filed a letter with the Court on August 20, 2018, long after his response period had closed on the motion for summary judgment. (Docket #49). In the letter, Plaintiff states that he believes he was mistakenly allowed to proceed against the wrong defendant. *Id.* In the screening order, Magistrate Judge Jones dismissed Dr. Manlove because, according to Plaintiff's allegations, it appeared that Manlove had *helped* Plaintiff by restarting Plaintiff's pain medication. (Docket #12 at 7). Plaintiff now says this was erroneous, and that it was Manlove who *stopped* his pain medication. (Docket #49). He asks that the Court substitute Manlove as the defendant. *Id.* On November 6, 2018, Plaintiff filed a proposed amended complaint naming Manlove as a defendant. (Docket #53).

The Court will deny Plaintiff's attempt to sue Manlove in this lawsuit for two reasons. First, the screening order was entered almost a year before Plaintiff's letter was received. Plaintiff had ample time to discover any issues with the screening of his lawsuit and to file an amended complaint if necessary. That time has long since passed. Second, as Defendant indicates in his reply, Manlove properly discontinued Plaintiff's pain medication because Plaintiff was not complying with his treatment regimen. This fact is undisputed and would warrant judgment in Manlove's favor even if he was a named defendant.

**IT IS FURTHER ORDERED** that Plaintiff's Eighth Amendment claim against Defendant Dr. Salem Syed be and the same is hereby **DISMISSED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of November, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge